JUDGE PRESKA

Walker G. Harman, Jr. [WH-8044]
1350 Broadway, Suite 1510
New York, New York 10018
212-425-2600
*Attorney for Plaintiffs*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

KOMLA GANU, BENJAMIN PATTERSON,
CLIVE NEIL, GREGORY JOSE, and ROSALIA
LAPENA,

           Plaintiffs,

   -against-

METROPOLITAN COLLEGE OF NEW YORK,
STEPHEN GREENWALD, PAUL LERMAN, ROBERT
GILMORE, RALPH LEAL, and SUSAN LATHAM,

           Defendants.

------------------------------------------------------------------X

**COMPLAINT**

Civ No.:

**JURY TRIAL DEMANDED**

  Plaintiffs KOMLA GANU, BENJAMIN PATTERSON, CLIVE NEIL, GREGORY JOSE, and ROSALIA LAPENA, by their attorney, WALKER G. HARMAN, JR., complaining of the defendants, respectfully allege as follows:

**PRELIMINARY STATEMENT**

  1. Plaintiffs bring this action to remedy discrimination on the basis of race, color, national origin, and/or age in the terms, conditions and privileges of employment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a ("Title VII"); the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"); the New York State Human Rights Law, New York Executive Law § 296 *et seq.* (the "Human Rights Law"), and the Administrative Code of the City of

New York § 8-107 *et seq.* (the "Administrative Code").

2. Plaintiffs seek compensatory and punitive damages and other appropriate legal and equitable relief.

## JURISDICTION

3. Plaintiff KOMLA GANU filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about November 21, 2006, complaining of the acts of discrimination alleged herein.

4. On or about August 13, 2007, the EEOC issued a notice informing plaintiff KOMLA GANU of his right to sue defendants in federal court. This action has been commenced within 90 days of receipt of this notice. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII and the ADEA.

5. Plaintiff CLIVE NEIL filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about September 18, 2006, complaining of the acts of discrimination alleged herein.

6. On or about August 13, 2007, the EEOC issued notices informing plaintiff CLIVE NEIL of his right to sue defendants in federal court. This action has been commenced within 90 days of receipt of these notices. Plaintiffs have complied fully with all prerequisites to jurisdiction in this Court under Title VII and the ADEA.

7. Plaintiff GREGORY JOSE filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about June 1, 2006, complaining of the acts of discrimination alleged herein.

8. On or about August 13, 2007, the EEOC issued notices informing plaintiff

GREGORY JOSE of his right to sue defendants in federal court. This action has been commenced within 90 days of receipt of these notices. Plaintiffs have complied fully with all prerequisites to jurisdiction in this Court under Title VII and the ADEA.

9. Plaintiff BENJAMIN PATTERSON filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about October 26, 2005, complaining of the acts of discrimination alleged herein.

10. On or about August 13, 2007, the EEOC issued notices informing plaintiff BENJAMIN PATTERSON of his right to sue defendants in federal court. This action has been commenced within 90 days of receipt of these notices. Plaintiffs have complied fully with all prerequisites to jurisdiction in this Court under Title VII and the ADEA.

11. Plaintiff ROSALIA LAPENA filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about October 25, 2005, complaining of the acts of discrimination alleged herein.

12. On or about August 13, 2007, the EEOC issued notices informing plaintiff ROSALIA LAPENA of her right to sue defendants in federal court. This action has been commenced within 90 days of receipt of these notices. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII and the ADEA.

13. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. § 626(c), and 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over the claims of all plaintiffs brought under the Human Rights Law and the Administrative Code, pursuant to 28 U.S.C. § 1367.

## VENUE

14. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the majority of the unlawful practices occurred.

## JURY DEMAND

15. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

16. Plaintiff KOMLA GANU is 53 years old and was born on September 25, 1954. He was born in Togo/Ghana, is dark-skinned, and characterizes his race as Black. He was, at all relevant times, an employee of defendant METROPOLITAN COLLEGE OF NEW YORK.

17. Plaintiff BENJAMIN PATTERSON is 62 years old and was born on October 20, 1945. He was born in Jamaica, is dark-skinned, and characterizes his race as Black. He was, at all relevant times, an employee of defendant METROPOLITAN COLLEGE OF NEW YORK.

18. Plaintiff CLIVE NEIL is 49 years old and was born on August 12, 1958. He was born in Jamaica, is dark-skinned, and characterizes his race as Black. He was, at all relevant times, an employee of defendant METROPOLITAN COLLEGE OF NEW YORK.

19. Plaintiff GREGORY JOSE is 57 years old and was born on August 4, 1950. He was born in Nigeria, is dark-skinned, and characterizes his race as Black. He was, at all relevant times, an employee of defendant METROPOLITAN COLLEGE OF NEW YORK.

20. Plaintiff ROSALIA LAPENA is 73 years old and was born on April 5, 1934. She was born in the Philippines, and characterizes her ethnicity as Asian. She was, at all relevant times, an employee of defendant METROPOLITAN COLLEGE OF NEW YORK.

4

21. Defendant METROPOLITAN COLLEGE OF NEW YORK is an educational institution and is an employer within the meaning of Title VII, the ADEA, the Human Rights Law, and the Administrative Code.

22. Defendant STEPHEN GREENWALD was, at all relevant times, the president of Metropolitan College of New York.

23. Defendant PAUL LERMAN was, at all relevant times, a vice-president and the provost of Metropolitan College of New York.

24. Since September 2003, defendant ROBERT GILMORE has been the dean of the Metropolitan College of New York School for Business.

25. Defendant RALPH LEAL was, until September 2003, the dean of the Metropolitan College of New York School for Business.

26. Defendant SUSAN LATHAM was, at all relevant times, the director of human resources for Metropolitan College of New York.

27. That at all times hereinafter mentioned, the individually named defendants STEPHEN GREENWALD, PAUL LERMAN, ROBERT GILMORE, RALPH LEAL, and SUSAN LATHAM were officials of Metropolitan College of New York and were acting under the supervision of Metropolitan College of New York and according to their official duties.

## FACTUAL ALLEGATIONS

28. Plaintiff KOMLA GANU began working at defendant METROPOLITAN COLLEGE OF NEW YORK, in 2003.

29. Between 2003 and 2006, plaintiff KOMLA GANU served as a full-time professor for

defendant METROPOLITAN COLLEGE OF NEW YORK.

30. Plaintiff KOMLA GANU was highly qualified for this position and consistently received positive feedback from the administration of the college.

31. Plaintiff BENJAMIN PATTERSON began working at Audrey Cohen College, the predecessor to defendant METROPOLITAN COLLEGE OF NEW YORK, in 1988.

32. Between 1988 and 2005, plaintiff BENJAMIN PATTERSON served as a full-time professor for defendant METROPOLITAN COLLEGE OF NEW YORK.

33. Plaintiff BENJAMIN PATTERSON was highly qualified for this position and consistently received positive feedback from the administration of the college.

34. Plaintiff CLIVE NEIL began working at Audrey Cohen College, the predecessor to defendant METROPOLITAN COLLEGE OF NEW YORK, in 1991.

35. Between 1991 and 2006, plaintiff CLIVE NEIL served as a full-time professor for defendant METROPOLITAN COLLEGE OF NEW YORK.

36. Plaintiff CLIVE NEIL was highly qualified for this position and consistently received positive feedback from the administration of the college.

37. Plaintiff GREGORY JOSE began working at Audrey Cohen College, the predecessor to defendant METROPOLITAN COLLEGE OF NEW YORK, in 1988.

38. Between 1988 and 2006, plaintiff GREGORY JOSE served as a full-time professor for defendant METROPOLITAN COLLEGE OF NEW YORK.

39. Plaintiff GREGORY JOSE was highly qualified for this position and consistently received positive feedback from the administration of the college.

40. Plaintiff ROSALIA LAPENA began working at Audrey Cohen College, the

predecessor to defendant METROPOLITAN COLLEGE OF NEW YORK, in 1989.

41. Between 1989 and 2005, plaintiff ROSALIA LAPENA served as a full-time professor for defendant METROPOLITAN COLLEGE OF NEW YORK.

42. Plaintiff ROSALIA LAPENA was highly qualified for this position and consistently received positive feedback from the administration of the college.

43. In 2002, Audrey Cohen College changed its name to Metropolitan College of New York.

44. Upon information and belief, the college's name was changed in order to project a more upscale image.

45. As part of the college's image makeover, the individual defendants began systematically terminating and/or refusing to rehire adjunct professors who were older, dark-skinned and/or foreign-born, and replacing them with young, white, native-born Americans.

46. As a result of this discriminatory strategy, which was promulgated, adopted, carried out and/or ratified by all of the individual defendants, plaintiff BENJAMIN PATTERSON received a letter dated January 12, 2005, informing him that was being terminated.

47. As a result of this discriminatory strategy, which was promulgated, adopted, and/or ratified by all of the individual defendants, plaintiff ROSALIA LAPENA was advised that she would not be rehired after the Spring 2005 semester, which ended on April 22, 2005.

48. As a result of this discriminatory strategy, which was promulgated, adopted, and/or ratified by all of the individual defendants, plaintiff KOMLA GANU received a letter in June 2006 from President Greenwald, advising him that his contract would not be renewed.

49. As a result of this discriminatory strategy, which was promulgated, adopted, carried

out and/or ratified by all of the individual defendants, plaintiff GREGORY JOSE was advised in late 2004 that his contract would not be renewed as of August 31, 2005.

50.  In response, plaintiff GREGORY JOSE advised defendant METROPOLITAN COLLEGE OF NEW YORK that he would bring a lawsuit for discrimination if he was not rehired. His contract was thereafter renewed.

51.  On or about April 11, 2006, plaintiff GREGORY JOSE received a letter advising him that his contract would not be renewed as of August 31, 2006.

52.  Plaintiff GREGORY JOSE was terminated as part of this discriminatory strategy, as well as in retaliation for having expressed an intention to bring a discrimination lawsuit.

53.  As a result of this discriminatory strategy, which was promulgated, adopted, carried out and/or ratified by all of the individual defendants, plaintiff CLIVE NEIL received a letter in June 2006, advising him that his contract would not be renewed as of August 31, 2006.

54.  Since 2002, numerous older, dark-skinned and/or foreign-born professors have been terminated or not rehired by defendant METROPOLITAN COLLEGE OF NEW YORK.

55.  Upon information and belief, the percentage of young, white, native-born professors has increased substantially since 2002.

56.  Upon information and belief, defendants STEPHEN GREENWALD, PAUL LERMAN, ROBERT GILMORE, RALPH LEAL, and SUSAN LATHAM were all personally involved in the aforementioned adverse actions.

57.  As a result of defendants' unlawful actions, plaintiffs KOMLA GANU, BENJAMIN PATTERSON, CLIVE NEIL, GREGORY JOSE, and ROSALIA LAPENA suffered economic losses, mental anguish, emotional distress, damage to reputation, and other compensable injuries.

## FIRST CAUSE OF ACTION
### TITLE VII
(against Metropolitan College of New York only)

58. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "57" with the same force and effect as if fully set forth herein.

59. By all of the aforementioned acts and practices, defendants have discriminated against plaintiffs in the terms and conditions of their employment on the basis of their race, color, and/or national origin, in violation of Title VII.

60. Defendants knew that their actions constituted unlawful discrimination on the basis of race, color, and/or national origin and/or acted with malice and/or showed reckless disregard for plaintiff's statutorily-protected rights.

61. As a result of defendants' unlawful actions, plaintiff has suffered and continues to suffer economic losses, mental anguish, emotional distress and other compensable injuries.

## SECOND CAUSE OF ACTION
### ADEA
(against Metropolitan College of New York only)

62. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "57" with the same force and effect as if fully set forth herein.

63. By all of the aforementioned acts and practices, defendants have discriminated against plaintiffs in the terms and conditions of their employment on the basis of their age, in violation of the ADEA.

64. Defendants knew that their actions constituted unlawful discrimination on the basis of age or showed reckless disregard for plaintiffs' statutorily-protected rights. These violations were

willful within the meaning of the ADEA.

65. As a result of defendants' unlawful actions, plaintiffs have suffered and continue to suffer economic losses, mental anguish, emotional distress and other compensable injuries.

## THIRD CAUSE OF ACTION
## HUMAN RIGHTS LAW

66. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

67. By all of the aforementioned acts and practices, defendants have discriminated against plaintiffs in the terms and conditions of their employment on the basis of their race, color, age, and/or national origin, in violation of the Human Rights Law.

68. As a result of defendants' unlawful actions, plaintiffs have suffered and continue to suffer economic losses, mental anguish, emotional distress and other compensable injuries.

## FOURTH CAUSE OF ACTION
## ADMINISTRATIVE CODE

69. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

70. By all of the aforementioned acts and practices, defendants have discriminated against plaintiffs in the terms and conditions of their employment on the basis of their race, color, age, and/or national origin, in violation of the Administrative Code.

71. In taking the above-referenced actions, defendants acted knowingly and/or with malice and/or reckless indifference to plaintiffs' statutorily-protected rights.

72. As a result of defendants' unlawful actions, plaintiffs have suffered and continue to suffer economic losses, mental anguish, emotional distress and other compensable injuries.

**WHEREFORE**, plaintiffs KOMLA GANU, BENJAMIN PATTERSON, CLIVE NEIL, GREGORY JOSE, and ROSALIA LAPENA respectfully request that this Court enter a judgment:

    a. declaring the acts and practices complained of herein to be violations of Title VII, the ADEA, the Human Rights Law and the Administrative Code;

    b. enjoining and permanently restraining these violations of Title VII, the ADEA, the Human Rights Law and the Administrative Code;

    c. directing defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiffs' employment opportunities;

    d. directing defendants to place plaintiffs in the position they would be in but for defendants' discriminatory actions, and to make them whole for all earnings they would have received but for defendants' discriminatory actions, including, but not limited to, wages, bonuses, pension, and other lost benefits, and interest thereon;

    e. directing defendants to pay plaintiffs compensatory damages and damages for their mental anguish, emotional distress, pain and suffering, humiliation, and damage to reputation;

    f. directing defendants to pay plaintiffs an additional amount as punitive damages,

11

    pursuant to Title VII, 42 U.S.C. § 1981a(b)(1), and the Administrative Code;

g.  directing defendants to pay plaintiffs an additional amount as liquidated damages, as provided by Section 7(b) of the ADEA, 29 U.S.C. § 626(b);

h.  awarding plaintiffs the costs of this action together with reasonable attorneys' fees and interest; and

i.  awarding such other and further relief as the Court deems necessary and proper.

Dated:  New York, New York
    November 8, 2007

                  By: *[signature]*
                     Walker G. Harman, Jr. [WH-8044]
                     *Attorney for Plaintiffs*
                     1350 Broadway, Suite 1510
                     New York, NY 10018
                     (212) 425-2600