UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
KOMLA GANU, BENJAMIN PATTERSON,                                :
CLIVE NEIL, GREGORY JOSE, and ROSALIA                          :
LAPENA,                                                        :   **DEFENDANTS' ANSWER TO**
                                   Plaintiffs,                 :   **PLAINTIFFS' AMENDED COMPLAINT**
                                                               :   **AND AFFIRMATIVE DEFENSES**
       - against -                                             :
                                                               :   07 Civ. 9899
METROPOLITAN COLLEGE OF NEW YORK,                              :
STEPHEN GREENWALD, PAUL LERMAN, ROBERT                         :
GILMORE, RALPH LEAL, SUSAN LATHAM, and                         :
RUTH E. LUGO,                                                  :
                                                               :
                                   Defendants.                 :
                                                               :
-------------------------------------------------------------- x

Defendants METROPOLITAN COLLEGE OF NEW YORK ("MCNY"), STEPHEN GREENWALD, PAUL LERMAN, ROBERT GILMORE, RALPH LEAL, SUSAN LATHAM and RUTH E. LUGO (collectively, "Defendants"), by and through their attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, as and for its Answer to Plaintiffs' Amended Complaint, dated April 11, 2008 ("Plaintiffs' Amended Complaint"), state the following:

### PRELIMINARY STATEMENT

1.     Admit that, as alleged in paragraph "1" of Plaintiffs' Amended Complaint, Plaintiffs bring this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("Title VII"); 42 U.S.C. § 1981 ("§1981"); the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"); the Family Medical Leave Act, 29 U.S.C. § 2615 ("FMLA"); the New York State Human Rights Law, New York Executive Law § 296 *et seq.* (the "Human Rights Law"); and the Administrative Code of the City of New York § 8-107 *et seq.* (the

3235914.1

"Administrative Code"), but deny that there exists any basis in fact or law for Plaintiffs' allegations.

2. Admit that Plaintiffs seek compensatory and punitive damages and other appropriate legal and equitable relief, but deny that there exists any basis in fact or law for Plaintiffs' allegations.

## JURISDICTION

3. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of Plaintiffs' Amended Complaint, except to admit that Plaintiff KOMLA GANU filed a charge of discrimination with the EEOC, alleging violations of Title VII and the ADEA, and otherwise respectfully refer the Court to that charge for the allegations asserted therein.

4. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of Plaintiffs' Amended Complaint, except to admit that on or about August 13, 2007, the EEOC issued a letter to Plaintiff KOMLA GANU, determining that, "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained established violations" of either Title VII or the ADEA, and otherwise respectfully refer the Court to the "Dismissal and Notice of Rights" to which Plaintiffs refer for the true and accurate contents thereof.

5. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of Plaintiffs' Amended Complaint, except to admit that Plaintiff CLIVE NEIL filed a charge of discrimination with the EEOC, alleging a Title VII violation, only, and otherwise respectfully refer the Court to that charge for the allegations asserted therein.

6. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of Plaintiffs' Amended Complaint, except to admit that on or about August 13, 2007, the EEOC issued a letter to Plaintiff CLIVE NEIL, determining that, "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained established violations" of Title VII, and otherwise respectfully refer the Court to the "Dismissal and Notice of Rights" to which Plaintiffs refer for the true and accurate contents thereof.

7. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of Plaintiffs' Amended Complaint, except to admit that Plaintiff GREGORY JOSE filed a charge of discrimination with the EEOC, alleging violations of Title VII and ADEA, and otherwise respectfully refer the Court to that charge for the allegations asserted therein.

8. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of Plaintiffs' Amended Complaint, except to admit that on or about August 13, 2007, the EEOC issued a letter to Plaintiff GREGORY JOSE, determining that, "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained established violations" of either Title VII or the ADEA, and otherwise respectfully refer the Court to the "Dismissal and Notice of Rights" to which Plaintiffs refer for the true and accurate contents thereof.

9. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of Plaintiffs' Amended Complaint, except to admit that Plaintiff BENJAMIN PATTERSON filed a charge of discrimination with the EEOC, alleging violations of Title VII and ADEA, and otherwise respectfully refer the Court to that charge for the allegations asserted therein.

10. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of Plaintiffs' Amended Complaint, except to admit that on or about August 13, 2007, the EEOC issued a letter to Plaintiff BENJAMIN PATTERSON, determining that, "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained established violations" of either Title VII or the ADEA, and otherwise respectfully refer the Court to the "Dismissal and Notice of Rights" to which Plaintiffs refer for the true and accurate contents thereof.

11. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of Plaintiffs' Amended Complaint, except to admit that Plaintiff ROSALIA LAPENA filed a charge of discrimination with the EEOC, alleging violations of Title VII and ADEA, and otherwise respectfully refer the Court to that charge for the allegations asserted therein.

12. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of Plaintiffs' Amended Complaint, except to admit that on or about August 13, 2007, the EEOC issued a letter to Plaintiff ROSALIA LAPENA, informing her that her charge of discrimination was untimely filed, and otherwise respectfully refer the Court to the "Dismissal and Notice of Rights" to which Plaintiffs refer for the true and accurate contents thereof.

13. Deny the truth of the allegations set forth in paragraph "13" of Plaintiffs' Amended Complaint, except to admit that Plaintiffs allege that jurisdiction is proper under 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. § 626(c), 28 U.S.C. §§1331 and 1343, as well as under the Human Rights Law and the Administrative Code, pursuant to 28 U.S.C. §1367, and to respectfully refer all questions of law to the Court.

## VENUE

14.   Deny the truth of the allegations set for the in paragraph "14" of Plaintiffs' Amended Complaint, except to admit that venue is proper in the Southern District of New York.

## JURY DEMAND

15.   The allegation in paragraph "15" of Plaintiffs' Amended Complaint is amenable neither to admission nor denial, but to the extent any such denial or admission is required, deny the allegations set forth therein, except to admit that Plaintiffs demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P.38(b) and to respectfully refer all questions of law to the Court.

## PARTIES

16.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of Plaintiffs' Amended Complaint, except to admit that Plaintiff KOMLA GANU was employed by defendant MCNY.

17.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of Plaintiffs' Amended Complaint, except to admit that Plaintiff BENJAMIN PATTERSON was employed by defendant MCNY.

18.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of Plaintiffs' Amended Complaint, except to admit that Plaintiff CLIVE NEIL was employed by defendant MCNY.

19.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of Plaintiffs' Amended Complaint, except to admit that Plaintiff GREGORY JOSE was employed by defendant MCNY.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of Plaintiffs' Amended Complaint, except to admit that Plaintiff ROSALIA LAPENA was employed by defendant MCNY.

21. Admit the truth of the allegations set forth in paragraph "21" of Plaintiffs' Amended Complaint.

22. Deny the truth of the allegations set forth in paragraph "22" of Plaintiffs' Amended Complaint, except to admit that Defendant STEPHEN GREENWALD was the president of MCNY from approximately May, 1999 until May 15, 2007 and Managing Director from approximately May 15, 2007 to date.

23. Deny the truth of the allegations set forth in paragraph "23" of Plaintiffs' Amended Complaint, except to admit that Defendant Paul Lerman was vice president and provost of MCNY from approximately July, 2002 until October, 2007.

24. Deny the truth of the allegations set forth in paragraph "24" of Plaintiffs' Amended Complaint, except to admit that Defendant ROBERT GILMORE was the dean of the MCNY's undergraduate School of Business from approximately September, 2003 until October, 2007.

25. Deny the truth of the allegations set forth in paragraph "25" of Plaintiffs' Amended Complaint, except to admit that Defendant RALPH LEAL was the dean of MCNY's undergraduate School of Business from approximately February, 1997 until August, 2003.

26. Deny the truth of the allegations set forth in paragraph "26" of Plaintiffs' Amended Complaint, except to admit that Defendant SUSAN LATHAM was employed by MCNY as its Director of Human Resources and Planning from approximately May, 2002 until

December, 2003 and Associate Vice President of Human Resources and Planning from approximately January, 2004 until August, 2005.

27.  Deny the truth of the allegations set forth in paragraph "26" of Plaintiffs' Amended Complaint, except to admit that Defendant RUTH LUGO has been the dean of MCNY's Audrey Cohen School for Human Resources and Education from approximately September, 2001, to date.

28.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of Plaintiffs' Amended Complaint, except to admit that Defendants STEPHEN GREENWALD, PAUL LERMAN, ROBERT GILMORE, RALPH LEAL, SUSAN LATHAM and RUTH LUGO were employed by MCNY as set forth in paragraphs 22 to 27 of this Answer.

## FACTUAL ALLEGATIONS

29.  Admit the truth of the allegations set forth in paragraph "29" of Plaintiffs' Amended Complaint.

30.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of Plaintiffs' Amended Complaint, except to admit that between 2003 and 2006, Plaintiff KOMLA GANU was employed as a faculty member at MCNY.

31.  Deny the truth of the allegations set forth in paragraph "31" of Plaintiffs' Amended Complaint.

32.  Admit the truth of the allegations set forth in paragraph "32" of Plaintiffs' Amended Complaint.

33.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of Plaintiffs' Amended Complaint, except to admit that

between 1988 and 2005, Plaintiff BENJAMIN PATTERSON was employed as a faculty member at MCNY.

34. Deny the truth of the allegations set forth in paragraph "34" of Plaintiffs' Amended Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35."

36. Admits the truth of the allegations set forth in paragraph "36" of Plaintiffs' Amended Complaint, except to state that, by letter dated October 23, 2004, Plaintiff BENJAMIN PATTERSON was advised that he was obligated to provide "monthly notes from [his] physician updating [MCNY] on [the status of his] condition," and otherwise respectfully refers the Court to the correspondence to which Plaintiff BENJAMIN PATTERSON alludes for the true and accurate contents thereof.

37. Admit the truth of the allegations set forth in paragraph "37" of Plaintiffs' Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of Plaintiffs' Amended Complaint, except to admit that between 1991 and 2006, Plaintiff CLIVE NEIL was employed as a faculty member at MCNY.

39. Deny the truth of the allegations set forth in paragraph "39" of Plaintiffs' Amended Complaint.

40. Admit the truth of the allegations set forth in paragraph "40" of Plaintiffs' Amended Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of Plaintiffs' Amended Complaint, except to admit that between 1988 and 2006, Plaintiff GREGORY JOSE was employed as a faculty member at MCNY.

42. Deny the truth of the allegations set forth in paragraph "42" of Plaintiffs' Amended Complaint.

43. Admit the truth of the allegations set forth in paragraph "43" of Plaintiffs' Amended Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of Plaintiffs' Amended Complaint, except to admit that between 1989 and 2005, Plaintiff ROSALIA LAPENA was employed as a faculty member at MCNY.

45. Deny the truth of the allegations set forth in paragraph "45" of Plaintiffs' Amended Complaint.

46. Admit the truth of the allegations set forth in paragraph "46" of Plaintiffs' Amended Complaint.

47. Deny the truth of the allegations set forth in paragraph "47" of Plaintiffs' Amended Complaint.

48. Deny the truth of the allegations set forth in paragraph "48" of Plaintiffs' Amended.

49. Deny the truth of allegations set forth in paragraph "46" of Plaintiffs' Amended Complaint, except to admit that Plaintiff BENJAMIN PATTERSON was advised, by letter dated January 12, 2005, that his position as a faculty member was being terminated, pursuant to the provisions of his contract of employment with MCNY.

50. Deny the truth of allegations set forth in paragraph "50" of Plaintiffs' Amended Complaint, except to admit that Plaintiff ROSALIA LAPENA was advised, by letter dated July 23, 2004, that her position as a faculty member was being terminated, as a contract employee, pursuant to the provisions of her contract of employment with MCNY, and, by that same letter, that Plaintiff ROSALIA LAPENA was offered an extension of employment until April 22, 2005, on an at-will basis.

51. Deny the truth of the allegations set forth in paragraph "51 of Plaintiffs' Amended Complaint, except to admit that Plaintiff KOMLA GANU was advised, by letter dated June 21, 2006, that his contract of employment with MCNY, which expired on August 31, 2006, would not be renewed.

52. Deny the truth of the allegations set forth in paragraph "52" of Plaintiffs' Amended Complaint, except to admit that Plaintiff GREGORY JOSE was advised, by letter dated April 11, 2006, that his contract of employment with MCNY, which expired on August 31, 2006, would not be renewed.

53. Deny the truth of the allegations set forth in paragraph "53" of Plaintiffs' Amended Complaint.

54. Deny the truth of the allegations set forth in paragraph "54" of Plaintiffs' Amended Complaint, except to admit that Plaintiff GREGORY JOSE was advised, by letter dated April 11, 2006, that his contract of employment with MCNY, which expired on August 31, 2006, would not be renewed.

55. Deny the truth of the allegations set forth in paragraph "55" of Plaintiffs' Amended Complaint.

56.     Deny the truth of the allegations set forth in paragraph "56" of Plaintiffs' Amended Complaint, except to admit that Plaintiff CLIVE NEIL was advised, by letter dated April 11, 2006, that his contract of employment with MCNY, for which he failed to apply for renewal, expired on August 31, 2006.

57.     Deny the truth of the allegations set forth in paragraph "57" of Plaintiffs' Amended Complaint.

58.     Deny the truth of the allegations set forth in paragraph "58" of Plaintiffs' Amended Complaint.

59.     Deny the truth of the allegations set forth in paragraph "59" of Plaintiffs' Amended Complaint.

60.     Deny the truth of the allegations set forth in paragraph "60" of Plaintiffs' Amended Complaint.

**FIRST CAUSE OF ACTION**
**<u>TITLE VII</u>**
(against Metropolitan College of New York only)

61.     With respect to the allegations set forth in paragraph "61" of Plaintiffs' Amended Complaint, Defendants repeat and restate each and every answer to the allegations in paragraphs "1" through "60" of Plaintiffs' Amended Complaint set forth above with the same force and effect as if fully set forth herein.

62.     Deny the truth of the allegations set forth in paragraph "62" of Plaintiffs' Amended Complaint.

63.     Deny the truth of the allegations set forth in paragraph "63" of Plaintiffs' Amended Complaint.

64.     Deny the truth of the allegations set forth in paragraph "64" of Plaintiffs' Amended Complaint.

## SECOND CAUSE OF ACTION
### ADEA
(against Metropolitan College of New York only)

65. With respect to the allegations set forth in paragraph "65" of Plaintiffs' Amended Complaint, Defendants repeat and restate each and every answer to the allegations in paragraphs "1" through "64" of Plaintiffs' Amended Complaint set forth above with the same force and effect as if fully set forth herein.

66. Deny the truth of the allegations set forth in paragraph "66" of Plaintiffs' Amended Complaint.

67. Deny the truth of the allegations set forth in paragraph "67" of Plaintiffs' Amended Complaint.

68. Deny the truth of the allegations set forth in paragraph "68" of Plaintiffs' Amended Complaint.

## THIRD CAUSE OF ACTION
### FAMILY AND MEDICAL LEAVE ACT
(against Metropolitan College of New York only)

69. With respect to the allegations set forth in paragraph "69" of Plaintiffs' Amended Complaint, Defendants repeat and restate each and every answer to the allegations in paragraphs "1" through "68" of Plaintiffs' Amended Complaint set forth above with the same force and effect as if fully set forth herein.

70. Deny the truth of the allegations set forth in paragraph "70" of Plaintiffs' Amended Complaint.

71. Deny the truth of the allegations set forth in paragraph "71" of Plaintiffs' Amended Complaint.

72. Deny the truth of the allegations set forth in paragraph "72" of Plaintiffs' Amended Complaint.

## FOURTH CAUSE OF ACTION
## HUMAN RIGHTS LAW

73. With respect to the allegations set forth in paragraph "73" of Plaintiffs' Amended Complaint, Defendants repeat and restate each and every answer to the allegations in paragraphs "1" through "72" of Plaintiffs' Amended Complaint set forth above with the same force and effect as if fully set forth herein.

74. Deny the truth of the allegations set forth in paragraph "74" of Plaintiffs' Amended Complaint.

75. Deny the truth of the allegations set forth in paragraph "75" of Plaintiffs' Amended Complaint.

## FIFTH CAUSE OF ACTION
## ADMINISTRATIVE CODE

76. With respect to the allegations set forth in paragraph "76" of Plaintiffs' Amended Complaint, Defendants repeat and restate each and every answer to the allegations in paragraphs "1" through "75" of Plaintiffs' Amended Complaint set forth above with the same force and effect as if fully set forth herein.

77. Deny the truth of the allegations set forth in paragraph "77" of Plaintiffs' Amended Complaint.

78. Deny the truth of the allegations set forth in paragraph "78" of Plaintiffs' Amended Complaint.

79. Deny the truth of the allegations set forth in paragraph "79" of Plaintiffs' Amended Complaint.

## FIFTH CAUSE OF ACTION
### 42 U.S.C. § 1981

80. With respect to the allegations set forth in paragraph "80" of Plaintiffs' Amended Complaint, Defendants repeat and restate each and every answer to the allegations in paragraphs "1" through "79" of Plaintiffs' Amended Complaint set forth above with the same force and effect as if fully set forth herein.

81. Deny the truth of the allegations set forth in paragraph "81" of Plaintiffs' Amended Complaint.

82. Deny the truth of the allegations set forth in paragraph "82" of Plaintiffs' Amended Complaint.

83. Deny the truth of the allegations set forth in paragraph "83" of Plaintiffs' Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

84. The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

85. Defendants relied on legitimate, nondiscriminatory factors in terminating Plaintiffs' employment.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

86. This Court lacks subject matter jurisdiction over any claims not asserted before the United States Equal Opportunity Commission.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

87. Plaintiff CLIVE NEIL'S ADEA claim is barred and must be dismissed, for failure to assert any allegation for violation of ADEA before the United States Equal Opportunity Commission.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

88. Plaintiffs lack standing to sue for violations of statutes under which they are not a protected class.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

89. Plaintiffs' failure to exhaust administrative remedies precludes recovery pursuant to Title VII, 42 U.S.C. § 1981, FMLA, ADEA, the Human Rights Law and/or the Administrative Code.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

90. Plaintiffs' failure to exhaust MCNY's internal administrative remedies and grievance procedures precludes recovery pursuant recovery pursuant to Title VII, 42 U.S.C. § 1981, FMLA, ADEA, the Human Rights Law and/or the Administrative Code.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

91. Assuming, arguendo, that Plaintiffs can establish a violation of the ADEA, they are not entitled to liquidated damages because: (a) any acts or omissions attributable to Defendants were made in good faith; (b) Defendants had reasonable ground for believing that their actions did not violate the ADEA; and/or (c) Defendants did not act knowingly, willfully, or with reckless disregard in violating the ADEA.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

92.  All relevant factors should be considered in accordance with §§ 8-107(13) (e) and (f) of Title 8 of the New York City Administrative Code.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

93.  Mitigating factors should be taken into account in accordance with § 8-126(b) of Title 8 of the New York City Administrative Code.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

94.  Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

95.  Plaintiffs' claims are barred, in whole or in part, by the doctrines of latches, waiver and/or estoppel.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

96.  Plaintiffs' damages, if any, are barred, in whole or in part, to the extent that they failed to mitigate their damages.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

97.  Some or all of Plaintiffs' claims are barred by the applicable statute(s) of limitations.

### AS AND FOR AN FIFTEENTH AFFIRMATIVE DEFENSE

98.  Plaintiff Rosalia Lapena's Complaint as a whole is barred for failure to timely file her charge with the EEOC.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

99. Defendants acted in good faith to comply with Title VII by establishment and enforcement of an anti-discrimination policy.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

100. To the extent Plaintiffs seek punitive damages, MCNY cannot be held vicariously liable for any such damages because MCNY has made good-faith efforts to comply with all relevant statutes.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

101. Any award of punitive damages to Plaintiffs that would violate the substantive and procedural due process safeguards of the Fifth and Fourteenth Amendments to the United States Constitution and prohibitions against excessive fines is barred.

### AS AND FOR AN NINETEENTH AFFIRMATIVE DEFENSE

102. Defendants have undertaken good faith efforts to comply with the law and enforce MCNY's established anti-discrimination policy and, as such, are not liable for punitive damages, even if, assuming arguendo, Plaintiffs could establish any of the allegations set forth in their Complaint.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

103. Defendants reserve the right to serve and file additional defenses and affirmative defenses as appropriate after an opportunity to engage in discovery, up to and including the time of trial.

## CONCLUSION

WHEREFORE, Defendants request judgment dismissing Plaintiffs' Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         May 27, 2008

                WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                By: _____
                David S. Sheiffer (DS 4198)
                A Member of the Firm
                Attorneys for Defendants
                150 East 42nd Street
                New York, New York 10017-5639
                (p) 212.490.3000
                (f) 212.490.3038
                **File No.: 10895.00002**

To:  See Certificate of Service.

### CERTIFICATE OF SERVICE

I, Susan K. Slim, certify that on the 27th day of May, 2008, I caused true and accurate copies of the foregoing **DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES,** dated May 27, 2008, to be served via overnight delivery and filed electronically via PACER, upon:

>Walker G. Harman, Jr.
>Law Office of Walker G. Harman, Jr.
>Attorneys for Plaintiffs
>1350 Broadway, Suite 1510
>New York, New York 10018
>(p) 212.425.2600
>(f) 212.338.9088
>(e) wharman@theharmanfirm.com

I further certify, under penalty of perjury, that the foregoing is true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Susan K. Slim* (signature)
SUSAN K. SLIM (SS 3785)

Dated: May 27, 2008

3238968.1